## Unemployment Compensation Coverage of Community College Employes

CREAMER, Attorney General, February 3, 1972.— You have inquired as to how employes of community colleges may receive unemployment compensation coverage under the new amendments to the Unemployment Compensation Law, Act of September 27, 1971 (No. 108), 43 PS §911. You are advised that employes of community colleges may receive unemployment compensation if the local sponsor of such colleges so elects.

Article XII of that act allows "any political subdivision . . . for itself and any instrumentality thereof" the option of electing coverage for "service performed by employes in all of the hospitals and institutions of higher education . . . operated by such political subdivisions or instrumentalities."

Under the Community College Act of August 24, 1963, P. L. 1132, 24 PS §5201, et seq., a "community college" is defined as "a public college or technical school which is established and operated in accordance with the provisions of this act by a *local sponsor* which provides a two year, post-secondary, college-parallel, terminal-general, terminal-technical, out of school youth or adult education program, or any combination of these": 24 PS §5202(4). (Italics supplied.)

A "local sponsor" is defined by the said act as "a school district or a municipality or a county board of school directors or any combination of school districts, municipalities or county boards of school directors which participate or propose to participate in the establishment and operation of a community college": 24 PS §5202(2).

"Political subdivision" is defined in the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §601(88), as "any county, city, borough, incorporated town, township, school district, vocational school district and county institution district."

Since the extra financial burden of unemployment compensation coverage will largely fall on the local sponsors, and since the local sponsors clearly fit within the above definition of "political subdivision," it is my conclusion that the legislature intended to allow the *local sponsors* the option of covering the employes in its community colleges with unemployment compensation.

This opinion does not, in any way, conflict with my

opinion of September 28, 1971, addressed to the Honorable Frank C. Hilton, which, as you have noted, concludes that a community college is a political subdivision for the limited purpose of purchasing supplies and equipment and within the meaning of Act No. 31, approved July 9, 1971, the now 71 PS §633(h). You will recall that this act permits political subdivisions to purchase materials, supplies and equipment off contracts of the Department of Property and Supplies. There are two factors which make that opinion inapplicable to §1201(a), 43 PS §911:

1. The difference in language which specifically says that the political subdivision will elect coverage for service performed by employes of all of the . . . institutions of higher education . . . operated by such political subdivisions.

2. That, as a practical matter, coverage of community college employes involves substantial cost to the local sponsors and it is extremely unlikely that the legislature intended that the community colleges be allowed to unilaterally impose such a cost without any bargaining or negotiations.